IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAD HAMMOND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:12-cv-00737-JPG-PMF |
| | ) |
| ANGEL RECTOR, et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for an emergency preliminary injunction (Doc. No. 108). Plaintiff Shad Hammond is challenging the conditions of his former prison confinement at Pinckneyville Correctional Center pursuant to 42 U.S.C. § 1983. In this motion, he seeks an order directing someone to arrange a consultative evaluation with a neurologist (preferably Dr. Raul A. Rodas), as well as instructions to follow all recommendations that the neurologist might provide regarding diagnosis and treatment. The motion is opposed (Doc. No. 108).

In order to establish that he is entitled to a preliminary injunction, Hammond must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

For the following reasons, the Court should decline the request to order preliminary injunctive relief. As to his current situation, Hammond has an adequate remedy at law. If he feels that he is at risk of immediate harm, he may utilize the prison's administrative remedy procedure. If the normal procedure is too slow, he may file an emergency grievance with the warden. 20 Ill. Admin. Code §504.840. If Hammond believes state or federal laws have been violated as a result of recent events at Western Correctional Center, he may bring suit for damages under 42 U.S.C. § 1983 in the United States District Court for the Central District of Illinois once he has exhausted administrative remedies. Moreover, the materials submitted do not suggest that Hammond has a reasonable likelihood of success on the merits of his Eighth Amendment claim. Hammond has a nerve injury with neuropathy and chronic pain, related to an old gunshot wound. While it is clear that Hammond has objective medical needs that are serious, the materials demonstrate that his current symptoms and medical history have been and are being evaluated by medical professionals who appear competent to assess his needs and formulate a treatment plan. He has received treatment in the form of testing (x-rays), assistive devices (wheelchair and cane), medical permits (for a low bunk assignment, a shower chair), medication (Neurontin, tramadol, robaxin, baclofen, ibuprofen, Naprosyn, Tylenol, muscle cream), and other types of care (wrist wrap, elbow sleeve, ace bandage). He has received follow-up attention as well, with adjustments of medications and dosages. At this time, there is little indication that Hammond can prove the subjective "deliberate indifference" element of his Eighth Amendment claim. Also, there is no clear indication that any of the defendants retain control over plaintiff's medical care, as he was transferred from Pinckneyville Correctional Center in July, 2012. For some time, he was confined at Menard Correctional Center and is currently housed at Western

Correctional Center.  Finally, this case is at the late pretrial stage.  It is appropriate to resolve the claim on the merits rather than attempt to fashion preliminary relief at this point in time.

IT IS RECOMMENDED that Shad Hammond's motion for an emergency preliminary injunction (Doc. No. 107) be DENIED.

**SUBMITTED: June 2, 2014 .**

                                          s/Philip M. Frazier
                                          **PHILIP M. FRAZIER**
                                          **UNITED STATES MAGISTRATE JUDGE**