IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAD HAMMOND,

      Plaintiff,

vs.

ANGEL RECTOR, *et al.*,

      Defendants.

Case No. 12-cv-00737-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for emergency preliminary injunction filed by the plaintiff. (Doc. 107). Defendants have responded to the motion. (Doc. 108). For the following reasons this court **ADOPTS** the R & R and **DENIES** the Plaintiff's motion.

### I.  R & R Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Jackson filed an objection to the R & R, the Court will undertake a *de novo* review.

### II.  FACTS

The Plaintiff, now at Western Illinois Correctional Center, filed suit against staff at the Pinckneyville CC alleging that the Defendants were deliberately indifferent to Plaintiff's serious

medical needs in violation of 42 U.S.C. § 1983, while the Plaintiff was incarcerated at Pinckneyville. (Doc. 15).

The plaintiff has alleged that this litigation began when the Defendants at Pinckneyville were indifferent to his "claims of pain in his hip, pelvis, knee, shoulder, neck, and later in [his] left wrist, hand, and elbow . . . ." (Doc. 107). Further, the Plaintiff explains that this pain and subsequent treatment has been ongoing for about four years from November 2009 to June 2012. *Id*. Despite this ongoing treatment with medication, special permits for accommodation, and bandages, his condition has only continued to deteriorate and has become "debilitating." *Id*. After initially filing suit, Plaintiff seeks an emergency preliminary injunction asking this court to order the Defendants, at Pinckneyville, to arrange a consultative evaluation with a neurologist, as well as instructions to follow all recommendations that the neurologist might provide regarding diagnosis and treatment. *Id.*

Plaintiff was transferred from Pinckneyville Correction Center in July, 2012. Following a brief stint at Menard, the Plaintiff was taken to and remains at Western Illinois Correctional Center (Western).

### III.   ANALYSIS

A court may order injunctive relief in a civil action regarding prison conditions. 18 U.S.C. § 3626(a)(2).

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

*Id*. Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group*

*Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public. *Id*. "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Id*. "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley,* 83 F.3d 807, 812 (7th Cir. 1996) (citing *Moore v. Thieret,* 862 F.2d 148, 150 (7th Cir.1988)). Allegations of a likely retransfer may not be based on mere speculation. *Id.*

In Judge Frazier's original R & R, he goes into an in-depth analysis of the various factors of a preliminary injunction. Although this court does not disagree with his analysis, we believe the most compelling factor is that the Defendant no longer has control of the Plaintiff's treatment and condition rendering his motion moot.

Turning to the immediate motion, the Plaintiff falls squarely into the rule handed down in *Higgason*. In July 2012, Plaintiff was transferred to Menard and subsequently to Western. Upon

the Plaintiff's transfer the Defendants relinquished control over the Plaintiff and no longer have any oversight over his continued treatment. Further, the Plaintiff has failed to illustrate any likelihood that he is headed back to Pinckneyville anytime in the near future.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 113) and **DENIES** Hammond's motion for injunctive relief (Doc. 107).

**IT IS SO ORDERED.**

**DATED:** July 24, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**